UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN, CDCR #P-28271,<br><br>  Plaintiff,<br><br>v.<br><br>D. SINGH, et al.,<br><br>  Defendants. | Case No. 11-CV-1085-DMS (JMA)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS**<br>**[Doc. Nos. 18, 37]** |

Plaintiff Gregory Wayne Quinn ("Plaintiff"), a state prisoner previously incarcerated at California State Prison, Los Angeles County, in Lancaster, California, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint against Defendants D. Singh, F. Rodriguez, and B. Smith pursuant to 42 U.S.C. § 1983. Compl. [Doc. No. 1]. On October 28, 2011, Defendants Rodriguez and Smith filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 18. On November 21, 2011, Plaintiff filed both a "reply" to the motion to dismiss in which he stated he intended to file a motion for leave to amend the complaint, as well as a motion for leave to amend the complaint. Doc. Nos. 28, 29. On December 23, 2011, the Court issued an order granting Plaintiff's motion. Doc. No. 31. The order was sent via U.S. mail to Plaintiff's address at California State Prison, Lancaster. On December 16, 2011, Plaintiff mailed a notice of change of address indicating he had been released from

prison and had a new address in Compton, California. Doc. No. 33. The change of address was entered onto the Court's docket on December 29, 2011 (i.e., after the Court issued the order granting Plaintiff's motion for leave to amend the complaint). Id. On April 9, 2012, Defendant Singh, who was served after Rodriguez and Smith and who has separate counsel, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 37. On May 8, 2012, over four months after it was mailed, the December 23, 2011 order granting Plaintiff leave to amend his complaint was returned to the Court via return mail. Doc. No. 39. On May 9, 2012, the Court issued a supplemental order granting Plaintiff's motion for leave to amend complaint, in which the Court gave Plaintiff until June 8, 2012 to file an amended complaint. Doc. No. 40. This order was sent to Plaintiff's address in Compton. To date, Plaintiff has neither filed an amended complaint nor an opposition to either of the motions to dismiss.

For the following reasons, the Court recommends the motion to dismiss filed by Defendants Rodriguez and Singh be **GRANTED** and the motion to dismiss filed by Defendant Singh be **GRANTED IN PART** and **DENIED IN PART**.

## I.     Background

On September 19, 2010, Plaintiff submitted a CDC-602 Inmate/Parolee Appeal Form against Defendant Singh and two other correctional officers in relation to a complaint by Plaintiff that he was not receiving delivery of his mail and that Singh conducted herself in an unprofessional manner and was "overfamiliar" with inmates. Compl., Ex. C [Doc. No. 1-1 at 35, 41-42]. On September 20, 2010, Plaintiff submitted another CDC-602 stating he had been confronted by inmates who accused him of filing a 602 against Singh. Id. at 39. Plaintiff wrote that he felt Singh was trying to "set him up" and that she had no right to tell other inmates about the confidential information he had written in his previous 602 form. Id. He requested Singh be moved out of his building and fired for trying to put his life in danger. Id.

Plaintiff alleges on September 21, 2010, he informed Defendant Rodriguez, a correctional sergeant, that Singh had told other inmates he was a "snitch" and had

revealed what he had written in his 602 about her. Compl. at 5. Plaintiff states he told Rodriguez multiple inmates had threatened to harm him if he did not drop his complaint against Singh. Id. Rodriguez allegedly told Plaintiff that he needed to tell the sergeant on the following watch about the situation. Id. Plaintiff states on September 22, 2010, he informed Defendant Smith, a correctional sergeant, about the circumstances. Id. at 7. Plaintiff contends Smith gave him the same reaction and treatment Rodriguez had given him the day before, i.e., that "he could care less." Id.

Plaintiff and another inmate, Farkas, were involved in an altercation in the shower area on September 23, 2010. Id. at 8 & Ex. A [Doc. No. 1-1 at 2]. Plaintiff alleges Farkas attacked him and told him he knew Plaintiff had submitted a 602 about Singh. Id. at 8 & Ex. C [Doc. No. 1-1 at 16]. Plaintiff was placed in Administrative Segregation for fighting. Id. at Ex. A [Doc. No. 1-1 at 2-5].

Plaintiff alleges that each of the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference toward his safety; that Singh retaliated against him for filing a 602 against her; that Singh violated his Fourteenth Amendment right to due process, and that Rodriguez and Smith violated his Fourteenth Amendment right to equal protection. Compl. at 3-8. He requests an injunction preventing any further reprisals against him, $50,000 in damages, and $200,000 in punitive damages. Id. at 10.

## II. Motions to Dismiss

### A. Legal Standards

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Every complaint must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." Weber v. Dept. of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (citing Twombly, 550 U.S. 544). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Facts which are alleged in the complaint are presumed true, and the court must construe them and draw all reasonable inferences from them in favor of the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

**B.  Eighth Amendment Claims**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "Prison officials have a duty to take

reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment only when two requirements are met, one of which is objective and the other of which is subjective. Id.

"Under the objective requirement, the prison official's acts or omissions must deprive an inmate of 'the minimal civilized measure of life's necessities.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (citation omitted). A prisoner meets the objective requirement by alleging the deprivation of what courts have defined as a basic human need. Id. at 1088. The subjective requirement requires a prison official to have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. In prison conditions cases, that state of mind is "deliberate indifference" to inmate health or safety. Id. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

### 1. Defendant Singh

Defendant Singh moves for dismissal of Plaintiff's Eighth Amendment claim on the grounds that Plaintiff does not allege he suffered any physical injuries as a result of the alleged assault by inmate Farkas, and that her conduct was not the proximate cause of the alleged assault as she was not responsible for determining what actions should have been taken to provide the protection Plaintiff allegedly sought from her superiors, Rodriguez and Smith. Def's. Mem. [Doc. No. 37-1] at 4-6.

The Prison Litigation Reform Act ("PLRA") states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision "requires a prior showing of physical injury that

need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003). The Ninth Circuit has determined, however, the PLRA does not bar claims for compensatory, nominal, or punitive damages. Oliver, 289 F.3d at 630. Therefore, though a prisoner may not pursue a claim for mental or emotional injury without showing more than a *de minimis* physical injury, he may still purse compensatory, nominal, or punitive damages even without having suffered physical injury. Id.; see also Cockroft v. Kirkland, 548 F. Supp. 2d 767, 776-77 (N.D. Cal. 2008) ("The fact that Cockroft never suffered any physical injury as a result of [the defendant's] alleged acts may make his Eighth Amendment claim of very little financial value but does not make the claim non-existent.").

Here, while Plaintiff alleges he was "attacked physically, brutally" by Farkas and had to "defend[] himself from great bodily injury" (see Compl. at 3-4, 8), he does not allege he suffered any physical injury as a result of Farkas's attack. Plaintiff seeks $50,000 in damages, construed by the Court as a request for compensatory damages, and $200,000 in punitive damages. Id. at 10. A request for punitive damages is consistent with a claim for nominal damages even when the latter are not specifically requested. See Oliver, 289 F.3d at 630. Therefore, while Plaintiff may be barred by the PLRA from seeking damages for mental or emotional injury regarding his Eighth Amendment claim, and has not alleged any physical injury for which he could be compensated, he is not barred under Oliver from seeking nominal or punitive damages in relation to this claim. See id.

Singh further argues her conduct was not the proximate cause of the alleged assault on Plaintiff because she had no control or influence over her superiors, Rodriguez and Smith, as to how Plaintiff should be protected. Def.'s Mem. [Doc. No. 37-1] at 5-6. This argument fails. The Complaint adequately alleges Singh placed Plaintiff in harm's way by labeling him a "snitch" and exerting her influence over other inmates to threaten and assault Plaintiff. See Compl. at 3-4. The Ninth Circuit has held

an allegation that a prison official called a prisoner a "snitch" in the presence of other inmates is sufficient to state a claim for violation of the right to be protected from violence while in custody. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

The Court accordingly recommends that Singh's motion to dismiss be **DENIED** as to Plaintiff's Eighth Amendment claim.

### 2. Defendants Rodriguez and Smith

Defendants Rodriguez and Smith move for dismissal of Plaintiff's Eighth Amendment claim on the grounds that Plaintiff does not allege facts sufficient to support an allegation of deliberate indifference. Defs.' Mem. [Doc. No. 18-1] at 6-7.

A prison official's alleged act or omission must be accompanied by knowledge of a significant risk of harm. Farmer, 511 U.S. at 837-38. A prison official's failure to alleviate a significant risk that he should have perceived, but did not, is insufficient for Eighth Amendment liability. Id. Despite Plaintiff's contention that Rodriguez and Smith each acted with deliberate indifference toward his safety (see Compl. at 5-8), he has failed to allege any facts to show these defendants had the requisite state of mind to support an allegation of deliberate indifference. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (stating that courts are not bound to "accept as true a legal conclusion couched as a factual allegation"). Here, with respect to Defendant Rodriguez, Plaintiff alleges Rodriguez told him to "talk to the sergeant on the following watch" when Plaintiff reported his concerns about being attacked to him. Compl. at 5. This does not support an allegation Rodriguez had the requisite culpable state of mind to inflict unnecessary and wanton injury or pain. Farmer, 511 U.S. at 834. With respect to Defendant Smith, Plaintiff alleges Smith "could care less" when Plaintiff brought his concerns to him, and references Exhibit A to his Complaint, consisting of the Rules Violation Report relating to the altercation between Plaintiff and Farkas, to show Smith indeed knew about the risk to Plaintiff's safety and failed to protect him. Compl. at 7. According to the Rules Violation Report, however, Plaintiff told Smith he did *not* feel threatened at the time he

made his report to Smith because he did not think the other inmates would "take it that far." Id. at Ex. A [Doc. No. 1-1 at 6].[1] This in no way supports an allegation Smith knew of and disregarded an excessive risk to Plaintiff's safety.

Plaintiff has not alleged facts sufficient to support an allegation of deliberate indifference against Defendants Rodriguez and Smith. Accordingly, the Court recommends the motion to dismiss by Rodriguez and Smith be **GRANTED**, with leave to amend, as to Plaintiff's Eighth Amendment claim.

### C. Retaliation Claim

Defendant Singh moves for dismissal of Plaintiff's retaliation claim against her on the grounds that he has not alleged all elements of a retaliation claim. Def.'s Mem. [Doc. No. 37] at 6-7.

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances . . . ." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citations and internal quotations omitted). "Without [that] bedrock constitutional guarantee[], inmates would be left with no viable mechanism to remedy prison injustices." A plaintiff suing prison officials for First Amendment retaliation must allege sufficient facts to show: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-68; Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Singh argues Plaintiff fails to adequately plead a retaliation claim because "[t]he only alleged adverse action that Singh took was to disclose [the contents of Plaintiff's 602 appeal] and call [P]laintiff a snitch," which does not entitle Plaintiff to relief. Def.'s Mem. at 6. Singh's argument ignores, however, that calling Plaintiff a "snitch" in front of other inmates impacted his right to be free from violence. See, e.g., Valandingham, 866 F.2d at 1138. "[T]he mere *threat* of harm can be an adverse action, regardless of

---

[1] Documents that are a part of a complaint may be considered by the court on a motion to dismiss to determine whether the plaintiff can prove any set of facts in support of his claim. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991).

whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis in original).

Plaintiff alleges he suffered the threat of attack by other inmates as well as an actual attack by an inmate due to Singh's labeling of him as a "snitch", and has therefore adequately alleged Singh took adverse action against him in retaliation for his filing of a 602 appeal against her. Accordingly, the Court recommends Singh's motion to dismiss be **DENIED** as to Plaintiff's retaliation claim.

### D. Fourteenth Amendment Claims

#### 1. Defendant Singh

Plaintiff alleges Defendant Singh violated his right to due process under the Fourteenth Amendment. Compl. at 3. Singh argues the due process claim should be dismissed as Plaintiff does not allege any facts in support of this claim other than those alleged in relation to his Eighth Amendment claim. Defs.' Mem. [Doc. No. 37] at 7.

The Court concurs with Singh that Plaintiff's due process claim is redundant of his Eighth Amendment claim. See Graham v. Connor, 490 U.S. 386, 395 (1989) (providing that when there is an "explicit textual source" of constitutional protection available, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" such claims); see also Whitley v. Albers, 475 U.S. 312, 327 (1986) ("[T]he Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners"). The Court also agrees with Singh that Plaintiff has failed to set forth allegations to support a due process claim under the Fourteenth Amendment. Accordingly, the Court recommends Singh's motion to dismiss be **GRANTED**, with leave to amend, as to Plaintiff's Fourteenth Amendment claim.

#### 2. Defendants Rodriguez and Smith

Plaintiff alleges Defendants Rodriguez and Smith violated his right to equal protection under the Fourteenth Amendment. Compl. at 8. Rodriguez and Smith argue

the equal protection claim should be dismissed as the claim is redundant of Plaintiff's Eighth Amendment claim and because Plaintiff makes only conclusory allegations without any facts to support his claim.

The Court agrees that Plaintiff's Fourteenth Amendment claim is redundant of his Eighth Amendment claim. See Graham, 490 U.S. at 395; Whitley, 475 U.S. at 327. Additionally, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). When an equal protection violation is alleged, the plaintiff must plead facts to show the defendant "acted in a discriminatory manner and that the discrimination was intentional." Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted).

Plaintiff's Complaint is devoid of any facts to show he was discriminated against in any manner or that he was treated differently from any other class of prisoners. Thus, Plaintiff has pled no facts from which the Court could find he has stated an equal protection claim under the Fourteenth Amendment. Accordingly, the Court recommends the motion to dismiss by Rodriguez and Smith be **GRANTED**, with leave to amend, as to Plaintiff's Fourteenth Amendment claim.

### E. Eleventh Amendment Immunity

Defendants Rodriguez and Smith seeks dismissal of Plaintiff's damages claims to the extent they are based on acts taken in their official capacities. The Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). It does not, however, bar damage actions against state officials for acts taken in their personal or individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992). Here, Plaintiff has sued Rodriguez and Smith in both their individual and official capacities. See Compl. at 2. The Court recommends the motion to dismiss by Rodriguez and Singh be **GRANTED** with

prejudice to the extent Plaintiff seeks damages against them in their official capacities.

### F. Mootness of Claim for Injunctive Relief

As part of his request for relief, Plaintiff requests an injunction preventing any further reprisals against him. Compl. at 10. To establish eligibility for an injunction, an inmate must demonstrate the continuance of the defendants' knowing and unreasonable disregard of an objectively intolerable risk of harm during the remainder of the litigation and into the future. Farmer, 511 U.S. at 846. The court may consider developments that postdate the pleadings and pretrial motions in determining an inmate's eligibility for an injunction. Id. Here, Plaintiff has been released from prison, and thus there is no risk of future reprisals by Defendants against him. The Court accordingly recommends Plaintiff's claim for injunctive relief be **DISMISSED AS MOOT**.

## IV. Conclusion and Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge recommends:

1. The motion to dismiss brought by Defendants Rodriguez and Smith [Doc. No. 18] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to Plaintiff's Eighth and Fourteenth Amendment claims be **GRANTED** with leave to amend;

2. The motion to dismiss brought by Defendants Rodriguez and Smith [Doc. No. 18] as to Plaintiff's claim for damages against them in their official capacities be **GRANTED** with prejudice;

3. The motion to dismiss brought by Defendant Singh [Doc. No. 37] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to Plaintiff's Eighth Amendment and retaliation claims be **DENIED**;

4. The motion to dismiss by Defendant Singh [Doc. No. 37] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to Plaintiff's Fourteenth Amendment claim be **GRANTED** with leave to amend; and

5. Plaintiff's request for injunctive relief be **DENIED AS MOOT**.

This Report and Recommendation is submitted to the Honorable Dana M.

Sabraw, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than **August 10, 2012**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **August 24, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2012

                                                Jan M. Adler
                                                U.S. Magistrate Judge